74 F.3d 1260
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert A. VITRAY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3696.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1996.
 
 Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert A. Vitray petitions for review of the decision of the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. We affirm.
 
 
 2
 Vitray filed an appeal with the Board alleging that the United States Postal Service had constructively suspended him for more than 14 days, beginning on September 23, 1994. The Board has jurisdiction over an agency's action suspending an employees for more than 14 days. When an employee alleges a constructive suspension, however, it is possible that the facts will not support the allegation. Since the employee carries the burden to establish Board jurisdiction over his appeal, the Board's Administrative Judge (AJ) ordered Vitray to submit evidence and argument to prove that his appeal was within the Board's jurisdiction.
 
 The AJ concluded:
 
 3
 Based on my review of the documents submitted by the appellant and his arguments in support of jurisdiction, I find that the appellant has failed to establish that the agency constructively suspended him from his position for more than 14 days. Although the appellant was placed in a non-duty, non-pay status on September 23, 1994, he was directed by his immediate supervisor to return to duty on September 30, 1994. The appellant does not dispute that he was ordered to return to duty as of September 30, 1994. His failure to do so was his choice. It appears that the appellant believes that the collective bargaining agreement requires some formal action, other than his supervisor's instruction to return to work, before there is a "disposition" of Savercool's original action of place "off the clock"; however, there is no support [to] his position.
 
 
 4
 We agree. In addition, we note that on appeal here Vitray does not point to any provision in the collective bargaining agreement suggesting that the order to return to duty was flawed in any way. Indeed, Vitray makes no challenge to the stated grounds for the decision of the AJ, which became the decision of the Board when the full Board declined to review the AJ's decision.
 
 
 5
 Vitray submitted a writing to the AJ styled as a motion for rehearing. The Board's rules do not provide for motions for rehearing of decisions of AJs, but do provide a right to appeal to the full Board by the filing of a petition for review to the full Board within 35 days from the decision of the AJ. Vitray's motion for rehearing was referred to the full Board and treated as a petition for review. In his informal brief, Vitray contends that the consideration of his motion for rehearing as a petition for review to the full Board deprived him of his right to appeal to the Board on the merits. Vitray, however, supplies no reasons why the contents of the motion for rehearing is different from the material he otherwise might have filed in a petition for review. Nor does Vitray contend that he timely filed a petition for review that should have supplanted the motion for rehearing. We see no error in the transmission of the motion for rehearing to the Board as a means of putting Vitray's case before the full Board, and even if any error could be found in the process, Vitray has failed to demonstrate that the error was not harmless.
 
 
 6
 We must affirm a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, and not supported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). The decision of the Board in this case is none of those things.